UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RANA ROMNEY,   Civil Action No.

                Plaintiff,

-against-

MICRODENTAL LABORATORIES, INC., TETRA
DYNAMICS INC., and RTFP DENTAL, INC.,

                Defendants.
------------------------------------------------------------------X

## COMPLAINT

Plaintiff, Rana Romney, by and through her attorneys, Neil H. Greenberg & Associates, P.C., as and for her Complaint against Defendants, respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under Title VII, 42 U.S.C. section 2000e et seq. ("Title VII") and the New York Executive Law section 290 et seq.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331, 28 U.S.C. section 1367, and the principals of pendant jurisdiction.

3. Venue with respect to this action lies within the Eastern District of New York pursuant to 28 U.S.C. section 1391(b)(2).

### PARTIES

4. Rana Romney ("Plaintiff") is a black female over the age of eighteen who resides in West Babylon, New York.

5. Defendant Microdental Laboratories, Inc. is a foreign corporation duly authorized to conduct business in the State of New York.

6. Defendant Tetra Dynamics Inc. is a domestic corporation duly formed and existing under and by virtue of the laws of the State of New York.

7. Defendant RTFP Dental, Inc. is a foreign corporation duly authorized to conduct business in the State of New York.

## FACTS

8. Plaintiff was employed by Defendants from on or about July 2017 to February 11, 2020.

9. Plaintiff was fired on February 11, 2020.

10. Defendants employ more than 15 employees.

11. Defendants operate a microdental laboratory located at 620 6th Street, West Babylon, New York.

12. Plaintiff was employed by Defendants first as an Accounting Assistant.

13. In October 2018, Plaintiff was promoted to Purchasing Manager.

14. In June 2019, Plaintiff was promoted to Office Manager.

15. During her employment, Plaintiff worked out of the Tetra Dynamics' location at 620 6th Street, West Babylon, New York.

16. During her employment, Plaintiff always performed her job duties in a satisfactory manner.

17. Plaintiff never received a negative written or verbal review.

18. After Plaintiff got her promotion to Officer Manager, her salary was increased to $57,500.00 annually.

19. In July 2019, Stephan Von Esterhazy, a white male, began working at the Tetra Dynamics' West Babylon location.

20. Beginning in July 2019 and continuing through Plaintiff's termination, Stephan Von Esterhazy was the Lab Manager at Tetra Dynamics.

21. During this time, Stephan Von Esterhazy was Plaintiff's direct boss.

22. When Stephan Von Esterhazy began working as the Lab Manager, he often called Plaintiff into his office to draft and send emails on his behalf.

23. Stephan Von Esterhazy made Plaintiff sit at his desk and type his emails while he stood directly behind her.

24. In August 2019, while standing behind her, Stephan Von Esterhazy pulled Plaintiff's hair while she was seated at his desk typing an email for him.

25. Plaintiff told him not to do that.

26. In September 2019, while standing behind Plaintiff, Stephan Von Esterhazy again pulled her hair while Plaintiff was seated at his desk typing an email for him.

27. Plaintiff again told him to stop.

28. It was reported to Plaintiff during the summer of 2019 that female staff members complained that Stephan Von Esterhazy had inappropriately touched them in the workplace.

29. It was reported to Plaintiff that Stephan Von Esterhazy would walk up behind female staff members and touch their backs or shoulders while they were working.

30. During the summer and fall of 2019, Stephan Von Esterhazy made Plaintiff go out to lunch with him numerous times.

31. While out to lunch, Stephan Von Esterhazy talked about being single and having no kids.

32. While out to lunch, Stephan Von Esterhazy would ask Plaintiff to go out with him.

33. Stephan Von Esterhazy wanted Plaintiff to go to New York City with him and wanted Plaintiff to go out with him for drinks.

34. Plaintiff said no every single time.

35. Stephan Von Esterhazy also made Plaintiff take work breaks with him and pick him up from the Long Island Railroad train station.

36. Plaintiff told him that she did not want to do these things.

37. On numerous occasions during the time period of July 2019 to on or about January 29, 2020, Plaintiff caught Stephan Von Esterhazy leering at her.

38. Stephan Von Esterhazy openly and without hesitation stared at Plaintiff's breasts while commenting "That's a nice shirt you have on" or "That shirt looks really good on you."

39. In early December 2019, Plaintiff made a verbal complaint to a Human Resources Manager located in Troy, Michigan.

40. After Plaintiff made this complaint, Plaintiff again noticed Stephan Von Esterhazy glaring at her breasts during weeks in December 2019 and January 2020.

41. On January 29, 2020, Plaintiff made a complaint to HR Manager Erin England about Stephan Von Esterhazy's conduct.

42. After Plaintiff made this complaint, Stephan Von Esterhazy stopped talking to her altogether.

43. Less than two weeks after making this complaint, Plaintiff was fired by Stephan Von Esterhazy and Erin England.

44. The reason given for Plaintiff's termination was "restructuring".

45. This reason was false and pre-textual.

## COUNT I
### (Violation of Title VII Against Defendants)

46. That Defendants discriminated against Plaintiff in the terms, conditions, and privileges of her employment by terminating her on the basis of her gender.

47. That Defendants discriminated against Plaintiff in the terms, conditions, and privileges of her employment by discharging her shortly after making complaints to Human Resources on two occasions about being sexually harassed and subjected to a sexually charged hostile work environment by her male supervisor.

48. That Defendants discriminated against Plaintiff in the terms, conditions, and privileges of her employment by firing her in retaliation for complaining about her male supervisor sexually harassing her and subjecting her to a sexually charged hostile work environment.

49. That, based upon the foregoing, Defendants violated Title VII, 42 U.S.C. section 2000e et seq.

50. That Plaintiff suffered an adverse employment action as a result of utilizing Defendants' complaint procedure to complain about her male boss.

51. That as a result of Defendants' violation of Title VII, Plaintiff has sustained lost wages, salary, and employment benefits.

52. That Plaintiff additionally seeks interest, compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT II
### (Violation of New York Executive Law Against Defendants)

53. That Defendants discriminated against Plaintiff in the terms, conditions, and privileges of her employment by terminating her on the basis of her gender.

54. That Defendants discriminated against Plaintiff in the terms, conditions, and privileges of her employment by discharging her shortly after making complaints to Human Resources on two occasions about being sexually harassed and subjected to a sexually charged hostile work environment by her male supervisor.

55. That Defendants discriminated against Plaintiff in the terms, conditions, and privileges of her employment by firing her in retaliation for complaining about her male supervisor sexually harassing her and subjecting her to a sexually charged hostile work environment.

56. That, based upon the foregoing, Defendants violated the New York Executive Law section 290 et seq.

57. That Plaintiff suffered an adverse employment action as a result of utilizing Defendants' complaint procedure to complain about her male boss.

58. That as a result of Defendants' violation of the New York Executive Law, Plaintiff has sustained lost wages, salary, and employment benefits.

59. That Plaintiff additionally seeks interest, compensatory damages, punitive damages, costs, and attorney's fees.

## JURY DEMAND

60. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury on her claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against Defendants as follows:

(A) Declaring Defendants' conduct to be in violation of Plaintiff's rights under Title VII, 42 U.S.C. section 2000e et seq.

(B) Declaring Defendants' conduct to be in violation of Plaintiff's rights under the New York Executive Law section 290 et seq.

(C) Awarding Plaintiff lost salary, wages, pre-judgment interest, lost fringe benefits, compensatory damages, punitive damages, costs, and attorney's fees.

(D) Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
May 25, 2021

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
     Justin M. Reilly, Esq.
Attorneys for the Plaintiff
4242 Merrick Road
Massapequa, New York 11758
(516) 228-5100